IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03253-BNB

NEWTON JAMES CANTRELL, SR.,

    Applicant,

v.

T.K. COZZZA-RHODES, Warden,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Newton James Cantrell, Sr., is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Florence, Colorado. He has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On December 12, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Cantrell to respond and show cause why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Cantrell filed a Response to Order to Show Cause on January 3, 2014.

The Court must construe the application liberally because Mr. Cantrell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the § 2241 Application and dismiss this action.

In 2003, Mr. Cantrell was convicted by a jury in the United States District Court for the District of Montana of conspiracy to distribute methamphetamine in violation of

21 U.S.C. §§ 841(a)(1) and 846, and other related charges. *See United States v. Cantrell*, 433 F.3d 1269, 1274 (9th Cir. 2006). He was sentenced to an aggregate prison term of 390 months, followed by 5 years of supervised release. *Id.* On direct appeal, the Ninth Circuit remanded the case for determination of whether Mr. Cantrell was prejudiced by an asserted error under *United States v. Booker*, 543 U.S. 220 (2005) (holding that the use of extra-verdict factual findings to impose a sentence under the mandatory Guidelines violates the Sixth Amendment). *See id.* at 1287. The federal courts' PACER docketing system reflects that on remand, the federal district court confirmed Mr. Cantrell's original sentence. Mr. Cantrell filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255 on February 14, 2008, which was denied. His motion for relief pursuant to Fed. R. Civ. P. 60(b) was denied in October 2010. Mr. Cantrell filed a notice of appeal in his § 2255 proceedings which is pending before the Ninth Circuit.

In his § 2241 Application, Mr. Cantrell claims that he is entitled to reversal of his criminal convictions because the Government failed to prove beyond a reasonable doubt that he is an Indian, as required under 18 U.S.C. § 1153. He further claims that the federal district court lacked jurisdiction to sentence him for an aggravated crime under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) (holding that "any fact that increases [a] mandatory minimum [sentence] is an 'element' that must be submitted to the jury."). *See* 133 S.Ct. at 2155. Finally, Mr. Cantrell asserts that his sentence violated his Fifth Amendment due process and equal protection rights because criminal defendants sentenced before *Alleyne* were treated more harshly than those sentenced after issuance of the decision.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Cantrell fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective to attack his sentence. That Mr. Cantrell has sought and been denied relief pursuant to § 2255 does not mean the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that the limitations provisions set out in 28 U.S.C. § 2244(d) would likely render a § 2255 motion untimely does not establish that the statutory remedy is inadequate or

ineffective.  *See Bradshaw*, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.") (quoting *Williams*, 232 F.2d at 673) (internal quotations and citation omitted); *see also Caravalho*, 177 F.3d at 1179 (internal citations omitted).  Accordingly, it is

ORDERED that the Application is DENIED and the action is DISMISSED because Mr. Cantrell fails to demonstrate that the remedy available to him in the United States District Court for the District of Montana is ineffective or inadequate to test the legality of his detention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Cantrell files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this   16th   day of    January        , 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court